**ORIGINAL**

CADES SCHUTTE LLP

MILTON M. YASUNAGA     3058-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
FAX: (808) 521-9210
Email: myasunaga@cades.com

Attorneys for Plaintiff
TERRY SHIBAO

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 26 2013

at ___ o'clock and 46 min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERRY SHIBAO,<br><br>    Plaintiff,<br><br>v.<br><br>ALEXANDRA PLUTA,<br><br>    Defendant. | CIVIL NO. CV13 00090 KSC<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

Plaintiff TERRY SHIBAO ("Plaintiff"), as and for its complaint against defendant ALEXANDRA PLUTA ("Defendant"), alleges as follows:

### JURISDICTION AND VENUE

1.   This claim arises under the provisions of the Copyright Act of the United States, as amended 17 U.S.C. §101 *et. seq,* and is for infringement of

copyrights registered in the Copyright Office of the United States. Plaintiff alleges a claim of copyright infringement based upon Defendants' unauthorized use, public display and reproduction of three (3) of Plaintiff's copyrighted photos and images.

2. This Court has subject matter jurisdiction over this section pursuant 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

4. This Court has jurisdiction over the Defendant because the acts giving rise to the claims herein arose within this the State of Hawaii.

## PARTIES

5. Plaintiff is a professional photographer and owner of a professional photography and imaging studio in Lahaina, Hawaii.

## FACTS

6. Defendant is a musician and model who performs and sells her music in the United States and in the State of Hawaii and promotes and advertises herself on her Website http://leximusic.com.

7. On or about September of 2011, Defendant's manager, Brandon Hirata, approached the Plaintiff and requested that the Plaintiff schedule a photography shoot session for her in Lahaina.

8. Per the Defendant's request, Plaintiff scheduled and performed a photography shoot of the Defendant on September 11 and 21, 2011 at Plaintiff's studio and at a beach location in Lahaina.

9. Plaintiff's regular practice is to do a professional photography shoot session, present proofs of the photos to the client in person, and have the client select individual photos to be developed.

10. As a practice, however, Plaintiff does not email or send proofs of the photos to his clients for selection.

11. On or about the last week of September, Defendant's manager contacted the Plaintiff and requested that that Plaintiff email proofs of the photos Plaintiff had taken of the Defendant.

12. Upon Defendant's manager's insistence, on the same day, Plaintiff agreed to provide proofs of Plaintiff's photos by email with the agreement that the Defendant would only review them to select which ones Defendant wished to have developed.

13. Using "YouSENDiT," Plaintiff privately displayed proofs of the photos Plaintiff had taken of the Defendant and requested that she choose the photos she wanted to have developed.

14. With Plaintiff's email with the photo proofs, Plaintiff specifically instructed Defendant not to use or publicly display any of Plaintiff's photo proofs

ImanageDB:2329292.2

until they were developed by the Plaintiff the Plaintiff was compensated for them.

15. After receiving Plaintiff's email access to the proofs, Defendant did not get back to the Plaintiff to choose photos or compensate the Plaintiff.

16. On or about November of 2011, Plaintiff first became aware of Defendant's unauthorized use of three (3) of Plaintiff's photos/images on its Website identified in Exhibit A, ("Plaintiff's Images").

17. Plaintiff has obtained copyright registrations for the three photos/images copied by the Defendant (hereinafter "Plaintiff's Photos") identified in Exhibit B ("Copyrights of Plaintiff's Images").

18. Plaintiff subsequently approached Defendant and Defendant's manager and notified them of Defendant's unauthorized use and requested compensation.

19. Defendant conveyed to the Plaintiff that if he wanted compensation for his photos he needed to take legal action.

## COUNT I

## INFRINGEMENT OF COPYRIGHT – COPYRIGHT ACT, 17 U.S.C. § 501 *et. seq.*

20. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

21. Defendant has infringed and continues to infringe Plaintiff's Images by its unauthorized display and reproduction of Plaintiff's Images on at least her

Website http://leximusic.com and on the cover of her music CDs for advertising and promotional purposes.

22. Defendant's conduct in reproducing and publicly displaying Plaintiff's Images constitutes copyright infringement under Copyright Act, 17 U.S.C. § 501.

23. The infringement of Plaintiff's rights in and to each of Plaintiff's Images constitutes is a separate and distinct act of infringement.

24. The foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

25. As a result of the copyright infringement described above, Plaintiff is entitled to relief, including, but not limited to, injunctive relief, actual or statutory damages, statutory costs and attorney's fees and prejudgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

A. Preliminary and permanently enjoin the Defendant, her officer, agents, servants, employees, successors and assigns from:

(a) copying, or making any unauthorized use of the Plaintiff's Images, in any form, including but not limited to print or electronic use;

(b) manufacturing, producing, circulating, selling, offering for sale, advertising, promoting, or displaying any promotional material bearing any

simulation, reproduction, counterfeit, or copy of Plaintiff's Images;

(c)     using any simulation, reproduction, counterfeit, or coy of the images, in connection with promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution, of an product or service of the Defendant;

(d)     direct Defendant to deliver for destruction all products, magazines, signs, prints, packages, dies, wrapper, receptacle, digital files and advertisements in their possession or under their control, bearing Plaintiff's Images, or any simulation, reproduction, counterfeit, or copy, and all plates, molds, matrices, and other means of making the same;

(e)     Direct Defendant to account for an relinquish to Plaintiff all gains, profits, and advantage, derived by Defendant to pay to Plaintiff such damages, including, statutory damages of up to $150,000 per image for willful infringement pursuant to 17 U.S.C. § 504, as Plaintiff is entitled to as a consequence of Defendant's infringement of Plaintiff's Copyrights in Plaintiff's Images;

(f)     Award to Plaintiff the costs of this action together with reasonable attorneys' fees;

(g)     Award to Plaintiff prejudgment interest on the amount of the award to Plaintiff, and;

(h)     Award to Plaintiff such other and further relief as the Court may deem

ImanageDB:2329292.2

just and proper.

DATED: Honolulu, Hawaii, February 26, 2013.

>CADES SCHUTTE LLP
>
>*/s/ Milton M. Yasunaga*
>
>MILTON M. YASUNAGA
>Attorneys for Plaintiff
>TERRY SHIBAO