IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERRY SHIBAO,<br><br>    Plaintiff,<br><br>v.<br><br>ALEXANDRA PLUTA,<br><br>    Defendant. | CIVIL NO. 13-00090 KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

### MEMORANDUM IN SUPPORT OF MOTION

Pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, Terry Shibao ("Plaintiff") respectfully submits this Memorandum in support of his motion to compel Alexandra Pluta ("Defendant") to comply with Plaintiff's First Request for Production of Documents and Things, served on Defendant on July 10, 2013. In addition, Plaintiff requests that Defendant pay his reasonable expenses, including attorney's fees, related to this motion.

### I.   BACKGROUND

On or about September of 2011, Defendant's manager, Brandon Hirata, contacted Plaintiff, a professional photographer, to request that Plaintiff schedule a photography shoot session with Defendant, a model and singer. Pl.'s Compl. ¶¶ 5-7 (attached as Exhibit A). The parties scheduled and performed a photography

ImanageDB:2647807.1

shoot on September 11 and 21, 2011. *Id.* at ¶ 8. Following the shoot, Plaintiff privately displayed proofs of the photos through a file sharing service formerly known as YouSENDiT. *Id.* at ¶ 13. Plaintiff's regular practice is to present proofs in person, but upon Hirata's insistence Plaintiff agreed to provide the proofs through YouSENDiT with the agreement that Defendant would only review them to select which ones Defendant wished to have developed. *Id.* at ¶¶ 9-12. Plaintiff specifically instructed Defendant not to use or publicly display any of Plaintiff's photo proofs until Plaintiff developed them and Plaintiff was compensated. *Id.* at ¶ 14. After receiving Plaintiff's email access to the proofs, Defendant did not get back to Plaintiff to choose photos or compensate him. *Id.* at ¶ 15. On or about November of 2011, Plaintiff became aware of Defendant's unauthorized use of three (3) of Plaintiff's photos/images on Defendant's website http://leximusic.com. *Id.* at ¶ 16; Official Website for Lexi the Artist, http://www.leximusic.com (last visited Nov. 21, 2011) (attached as Exhibit B). Defendant also reproduced and displayed the photos/images on the cover of her music CD's. Pl.'s Compl. at ¶ 22; Amazon.com: Up In The Club: Lexi: MP3 Downloads, http://www.amazon.com/Up-In-The-Club/dp/B0067EPHNS (last visited Jan. 8, 2014) (attached as Exhibit C); iTunes-Music-Up In The Club-Single by Lexi, https://itunes.apple.com/us/album/up-in-the-club-single/id480486983 (last visited Jan. 8, 2014) (attached as Exhibit D). Subsequent to Defendant's unauthorized use

of Plaintiff's copyrighted photos/images, Plaintiff contacted Defendant and requested compensation. Pl.'s Compl. at ¶¶ 17-18. Defendant conveyed to Plaintiff that if he wanted compensation he needed to take legal action. *See Id.* at ¶ 19.

On February 26, 2013 Plaintiff filed a complaint with this Court alleging copyright infringement arising under the provisions of the Copyright Act of the United States, as amended 17 U.S. C. §101 *et. seq*, based on Defendant's unauthorized use, public display, and reproduction of Plaintiff's photos/images. *See* Pl.'s Compl. On July 10, 2013, Plaintiff served his First Request for Production of Documents and Things on Defendant. *See* Certificate of Service, July 10, 2013. Defendant did not respond. *See* Keyhani Decl. at ¶ 2 (Jan. 10, 2014) (attached as Exhibit R). On September 10, 2013 Plaintiff emailed Defendant to set up a meet and confer. *See* e-mail from Darius Keyhani, Plaintiff's counsel, to Alexandra Pluta (Sept. 10, 2013, 14:59 EST) (attached as Exhibit E). Again, Defendant did not respond. *See* Keyhani Decl. at ¶ 3. On September 17, 2013 Plaintiff emailed Defendant to yet again request production of documents and arrange a telephone conference. *See* e-mail from Darius Keyhani, Plaintiff's counsel, to Alexandra Pluta (Sept. 17, 2013, 3:37 EST) (attached as Exhibit F). On September 24, 2013, Defendant responded to Plaintiff's email, but denied having any of the requested documents and failed to acknowledge Plaintiff's efforts to

ImanageDB:2647807.1

meet and confer. *See* e-mail from Alexandra Pluta to Darius Keyhani, Plaintiff's counsel (Sept. 24, 2013 00:36 EST) (attached as Exhibit G). On September 25, 2013 Plaintiff yet again informed Defendant of her discovery obligation and asked that she produce the requested documents to no avail. *See* e-mail from Darius Keyhani, counsel for Plaintiff, to Alexandra Pluta (Sept. 25, 2013 14:54 EST) (attached as Exhibit H). On November 25, 2013 Plaintiff notified Defendant of his intent to file this motion. *See* e-mail from Darius Keyhani, Plaintiff's counsel, to Alexandra Pluta (Nov. 25, 2013 11:06 EST) (attached as Exhibit I). Defendant did not provide the documents or reciprocate Plaintiff's efforts to arrange a conference. *See* Keyhani Decl. at ¶ 7. As a result of Defendant's lack of cooperation and refusal to comply with her discovery obligations, Plaintiff filed this motion to ask this Court to compel discovery.

## II. ARGUMENT

### A. Plaintiff is entitled to discovery of all documents and things requested

Under Federal Rule of Civil Procedure 34, a party must respond to a discovery request, in writing, within thirty (30) days of being served. Fed. R. Civ. P. 34(b)(2)(A). Further, under Federal Rule of Civil Procedure Rule 37, if a party fails to respond to a request made under Rule 34, the "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." *See* Fed. R. Civ. P. 37(a)(3)(B)(iv); *Blake v. Nishimura*, Civ. 08–00281 SPK–LEK,

2008 WL 4754858, *2 (D. Haw. Oct. 24, 2008). Both the Federal and Local Rules of the District of Hawaii require a movant to confer with the party failing to make discovery prior to filing a motion to compel. *See* Fed. R. Civ. P. 37(a)(1); LR37.1.(a).

        1.    <u>Defendant failed to respond to Plaintiff's discovery request</u>

In the present case, Plaintiff served his First Request for Production of Documents and Things on Defendant on July 10, 2013. *See* Pl.'s First Request for Production of Documents and Things from Defendant (attached as Exhibit J). The requested documents include: communications between Defendant and Plaintiff, Defendant and Mr. Hirata, and Defendant and family members; financial and sales information related to Defendant's music and business ventures; sample products that involve the photos/images at issue; and documents related to Ms. Pluta's website(s). *See id.* at Nos. 1-17. Defendant was obligated to respond within thirty (30) days of being served and failed to do so. *See* Keyhani Decl. at ¶ 2. Defendant's only response came over three months after being served, where she stated that she did not have any of the requested documents. *See* Ex. G.

        2.    <u>Defendant's claim that she does not have any of the requested documents is incredible</u>

Defendant's position that she does not have any of the requested documents is unreasonable. Defendant has or had websites where she promotes her music and

ImanageDB:2647807.1

modeling endeavors and has displayed the infringing photos/images on those websites. *See e.g.*, Ex. B; http://facebook.com/photo.php?fbid=202835636459604&set-a.115683101841525.21007.115681 715174997&type=3&theater (last visited Nov. 21, 2011) (attached as Exhibit K); http://www.facebook.com/TheOfficialLexiPage (last visited Nov. 21, 2011) (attached as Exhibit L); ModelMayhem.com-Alexandra Pluta, http://www.modelmayhem.com/1907523 (last visited Jan. 8, 2014) (attached as Exhibit M); http://twitter.com/#!/lexitheartist (last visited Nov. 21, 2011) (attached as Exhibit N). Further, Defendant's CD cover, featuring Plaintiff's copyrighted photo/image continues to appear on Amazon.com and iTunes. *See* Ex.'s C-D.

Ms. Pluta's claim that she does not have financial records is similarly incredible. Defendant is a model for Kate Swim, a swimwear company whose products have been featured in the 2012 and 2013 Sports Illustrated Swimsuit issues. *See* http://www.kateswim.com/about-kate-swim.aspx (last visited Jan. 9, 2014) (attached as Exhibit O); https://www.facebook.com/ alexandra.pluta?fref=ts (last visited Jan. 9, 2014) (attached as Exhibit P) (discussing modeling shoots for Kate Swim). Moreover, Defendant claims to be the "official model and face" of one of Kate Swim's collections. *See* https://www.facebook/com/ TheAlexandraDanielle (last visited Jan 9, 2014) (attached as Exhibit Q) (claiming

to be the official model and face of the 2013 Kate Swim Kapa Kala Collection). Given Ms. Pluta's extensive modeling work with Kate Swim, it is highly probable that she was compensated, and thus has information related to such compensation. Moreover, it is likely Ms. Pluta has earned income through her music endeavors, as evidenced by her music being sold on iTunes and Amazon. *See* Ex.'s C-D, H.

### 3. Defendant has refused to make herself available for a meet and confer despite Plaintiff's repeated efforts

Though Plaintiff has tried to resolve this dispute without court intervention, Defendant has been uncooperative. In September, Plaintiff sent Defendant two e-mails proposing dates and times he could be available for a telephone conference and asking Defendant for her availability. *See* Ex.'s E-F. Defendant did not respond to the first email, and ignored the conference request in her response to the second email. *See id.*; Keyhani Decl. at ¶ 3. On November 25, 2013 Plaintiff reminded Defendant that she had not responded to his meet and confer requests. *See* Ex. I. Again, Defendant did not make herself available. *See* Keyhani Decl. at ¶ 7. As Defendant has failed to produce the requested documents within thirty days of being served and has ignored Plaintiff's attempts to meet and confer, this Court should grant Plaintiff's motion to compel discovery.

### B. Plaintiff's is entitled to reasonable costs and attorney's fees related to this motion

Under Federal Rule of Civil Procedure Rule 37, if a motion to compel discovery is granted, a court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion...to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37 (a)(5)(A). A court is not required to award attorney's fees and expenses if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expense unjust. *See id.; JJCO, Inc. v. Isuzu Motors America, Inc.*, Civ. No. 08-00419 SOM-LEK 2009 WL 2515634, *5 (D. Haw. Aug. 14, 2009).

Here, Defendant's continuous refusal to comply with her discovery obligations has necessitated this motion. Moreover, since initially serving his First Request for Production of Documents and Things in July 2013, Mr. Shibao has made repeated attempts to arrange to confer by telephone with Ms. Pluta. *See* Ex.'s E-F, I. Further, Plaintiff has given Defendant over six months to produce the requested documents. *See* Keyhani Decl. at ¶ 2. Despite Plaintiff's good faith efforts to resolve this discovery matter without court intervention, Defendant has not provided the requested documents and has refused to make herself available to

meet and confer. Accordingly, Plaintiff is entitled to reasonable expenses and attorney's fees related to this motion.

Plaintiffs' counsel Milton Yasunaga incurred 1.75 hour at an hourly rate of $360 an hour plus Hawaii tax (4.712%) to draft this motion and his declaration, and work on the fee request and justification, and anticipates an additional 1.25 hour to a prepare for and attend the hearing in this matter for a subtotal of 3.00 hours , plus additional unknown time to review Defendant's opposition memorandum and prepare a reply and attend and participate at the hearing, which additional unknown time and new total will be presented with the reply memorandum but which is now estimated as an additional .75 hour, for a current estimated total of 3.75 hours, multiplied by the hourly rate of $360 per hour equals $1350, plus Hawaii general excise tax of .04712 (.04712 x $1350 = $63.61) equals $1413.61. In addition, the work communicating with the defendant, researching to find case authority and Internet proof, including proof indicating that Defendant must have documents and so her claim to have no documents cannot be accurate, communicating with Defendant about her failure to produce documents, and working on drafting the motion, the certification, their declarations, gathering exhibits,  and other matters as set out in more detail in their declarations attached hereto, was done by Milton Yasunaga's co-counsel, Darius Keyhani (who was admitted pro hac vice) and his associate Frances Stephenson, both of  New York

City, amounting to an additional 5.5 hours and an estimated future 3.5 hours to review Defendant's opposition and work on the reply, for Mr. Keyhani, which, at his hourly rate of $325 per hour equals $2925, plus Hawaii general excise tax of .04712 (.04712 x $2925 = $137.83) equals $3062.83; and amounting to an additional 10.5 hours and an estimated future 10 hours to review Defendant's opposition and work on the reply, for Frances Stephenson, which, at her reduced hourly rate of $150 per hour equals $3075, plus Hawaii general excise tax of .04712 (.04712 x $3075 = $144.89) equals $3219.89. (The declarations of the New York attorneys stated the old Oahu general excise tax rate of .04166, so the numbers were adjusted in this memorandum to reflect the new Oahu rate.)

The hours worked by Plaintiffs' counsel were reasonable. The hourly rate charged by Plaintiffs' counsel Milton Yasunaga, who passed the Bar in 1981 and has worked continuously in litigation over the last 32.5 years, is reasonable in consideration of the prevailing market rates in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. See:

> Ex. S in which U.S. Judges Barry Kurren and Susan Mollway approved a rate of $567 an hour for 2011 for Paul Alston (who at that time had 40 years of experience) and a rate of $210 an hour for then first year associate David Abadir;

> Ex. T in which Paul Alston declares reasonable a rate of $375 an hour for 2012 for Mark Bennett who passed the Bar in 1980 (just a year before Milton Yasunaga, whose 2012 rate was only $345),

> Ex. U which consists of a 2008 fee request by Milton Yasunaga asking for

ImanageDB:2647807.1

approval of his 2008 rate of $305 per hour and Judge Kurren's order approving that rate (and a pattern of annual increases of $10 to $20 per year) and awarding fees totaling $451,494 for a patent jury trial in which Yasunaga obtained a $3 million infringement judgment for his client and a permanent injunction (Yasunaga's 2012 rate represents an annual increase of only $10 per year since the $305 approved in 2008),

Ex. V is a 2010 declaration from Jason Kim stating that as a litigator with eleven years of experience his usual hourly rate back then was $275 an hour, which indicates the reasonableness of Ms. Nagata's rate, and a 2008 declaration of Louise Ing in the same case as Ex. U in which she states that her then rate of $325 an hour was reasonable in 2008 for a partner with 28 years experience,

Ex. W is a $6 million judgment and permanent injunction Yasunaga obtained in 2009 after a 6 week patent jury trial against Ms. Ing and her mainland co-counsel,

Ex. X is a copy of the portions of the 2012 and 2011 "Book of Lists" editions of Pacific Business News listing local law firms and their billing rates, which indicates that rates continue to increase from year to year and that in 2012 the least experienced partners at two firms charged $330 and $325 per hour and $300 per hour at two other firms, while the most experienced partners charged $500 and $480 at two firms, while the top rates for the Alston firm, the McCorriston firm and the three biggest firms (Cades, Goodsill, and Carlsmith) were not given.

Ex. Y is a copy of the relevant portions of a 2012 fee application by Plaintiffs' counsel Yasunaga asking for approval of his 2012 hourly rate of $345 an hour and the 2012 Order and Final Award of Arbitrator Judge Patrick Yim approving Milton Yasunaga's 2012 hourly rate of $345 an hour and awarding his fees at that rate.

As indicated by their declarations, the normal hourly rates of Mr. Keyhani and Ms. Stephenson in New York are much higher ($550 and $200, respectively), but for purposes of this case and motion and to reflect prevailing market rates in Hawaii for similar services by lawyers of reasonably comparable skill, expertise,

ImanageDB:2647807.1

and reputation, they are charging the lower rates of $325 and $150, respectively, which are reasonable. See their declarations.

The $1413.61 charged for Mr. Yasunaga's services plus the $3062.83 charged for Mr. Keyhani's services and the $3219.89 charged for Ms. Stephenson's services total $7696.33 (but this estimated total will be adjusted when the actual amount of time needed to review the opposition memorandum and prepare the reply are known).

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves this Court to order Defendant to produce the documents and things listed in Plaintiff's First Request for Production of Documents and Things and pay Plaintiff's expenses, including reasonable attorney's fees.

DATED:  Honolulu, Hawaii, January 31, 2014.

> CADES SCHUTTE LLP
>
> /s/ Milton M. Yasunaga
> MILTON M. YASUNAGA
> Attorneys for Plaintiff
> TERRY SHIBAO